UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERCER INSURANCE COMPANY, | Case No. 2:21-CV-2039 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| AMERICANA, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Americana, LLC's ("Americana") motion to dismiss or, in the alternative, stay a declaratory judgment action. (ECF Nos. 13, 14). Plaintiff Mercer Insurance Company ("Mercer") filed a response (ECF Nos. 18, 19), and Americana replied (ECF No. 23).

**I.   Background**

The instant action arises from an underlying state court action (the "state action") in which Americana, a property management company, is currently defending itself against claims from tenants related to mold exposure in one of its apartment buildings. (ECF No. 1).

Americana holds a commercial general liability insurance policy with Mercer. (ECF No. 13). Mercer is currently providing Americana legal defense in the state action subject to a reservation of rights to discontinue. (ECF No. 18). At the time of this motion, Mercer was not a party to the state action. (*Id*.).

Mercer filed the instant action on November 21, 2021, seeking a declaratory judgment as to Mercer's duties to defend and indemnify Americana under the policy. (ECF No. 1). Mercer contends that the damages alleged in the state action fall outside the scope of the policy and

**James C. Mahan**
**U.S. District Judge**

therefore Mercer has no duty to defend or indemnify Americana in the state action.  (ECF No. 13).

**II.  Legal Standard**

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201.  The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks omitted).  Thus, a district court is under no compulsion to exercise its jurisdiction.  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

When deciding whether to exercise jurisdiction, the district court's discretion is guided by the factors set forth in *Brillhart*: (1) avoidance of needless determination of state law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation.  *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942); *see also Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998).  At the core of the court's discretion is an assessment of "how judicial economy, comity, and federalism are affected in a given case." *Dizol*, 133 F.3d. at 1225.

"It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose . . .." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966).  Declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . .." *Id.*  Thus, "a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties."  *Philips Med. Capital, LLC v. Med. Insights Diagnostics Ctrs., Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007).

**III.  Discussion**

Mercer seeks a judicial declaration as to whether and/or to what extent its general liability policy provides coverage for the conduct and damage the plaintiffs allege in the state action.

(ECF No. 1). Americana contends the issue of Mercer's liability is best addressed in the underlying state action. (ECF No. 13).

Where an action is seeking purely declaratory relief, the DJA governs the court's discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). The DJA provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal obligations of any interested party seeking such declaration." 28 U.S.C. § 2201. The crux of this judicial discretion is in the word "may."

The Supreme Court has noted that it is "uneconomical as well as vexatious" for a federal court to proceed in a declaratory judgment action where another suit is pending in a state court presenting the same issues between the same parties. *Brillhart*, 316 U.S. at 495. When there is an action pending in state court presenting the same issues of state law, there exists a presumption that the matter be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991). This is particularly true when the only claim before the federal court is for declaratory relief.

Mercer argues that the *Brillhart* factors do not warrant dismissal because the underlying state action does not include the same issues as presented in the instant action and Mercer was not a party to the state action when this motion was filed. (ECF No. 18). However, nothing in the DJA requires an identical state proceeding to exist for the district court to decline to exercise its discretion. *See* 28 U.S.C. § 2201.

This court has declined to exercise jurisdiction in cases seeking declaratory judgment during the pendency of a state court action presenting related issues of law under the same factual basis. *See Am. Nat'l Prop. & Cas. Co. v. Makarowski*, No. 2:19-CV-1163-JCM-NJK, 2020 WL 759890, at *3 (D. Nev. Feb. 14, 2020) (dismissing an insurer's declaratory relief action while the insured was party to a state court action).

Both the instant suit and the state action rely on the same underlying factual scenario, thereby creating a high probability of identity between the two proceedings. Mercer has also been added to the state action as a third-party defendant since the filing of the instant motion. *See Norman v. Americana, LLC*, No. A-21-833903-c, ECF No. 45. Moreover, the court notes

**James C. Mahan**
**U.S. District Judge**

- 3 -

that this case involves principles governing insurance law, an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011-12. Mercer acknowledges that the instant action asks the court to interpret its policy under Nevada insurance contract law. (ECF No. 18 at 5). Thus, Mercer seeks declaratory relief solely on a matter of Nevada law.

The *Brillhart* factors are not exhaustive. *Dizol*, 133 F.3d. at 1225 n.5. However, the court is persuaded by the judicial interests in avoiding needless determination of state law issues and promoting comity between state and federal courts. The court finds these factors weigh in favor of dismissing the action without prejudice.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Americana's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Americana's motion to stay (ECF No. 14) be, and the same hereby is, DENIED as moot.

DATED September 29, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**